# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44534

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ZUATNEY GONZALEZ,

      Defendant-Appellant.

Boise, December 2018 Term

Filed: February 20, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

The decision of the district court is affirmed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

BRODY, Justice.

This case involves a question of the proper amount of credit for time served to which the appellant, Ms. Gonzalez, is entitled; however, the focal point of our decision today is whether Gonzalez's position was properly raised and ruled upon by the district court. Because we hold that it was not, Gonzalez's appeal fails. However, we recognize that some confusion has arisen over how this Court addresses a new legal argument made on appeal in light of *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017), and *Ada County Highway District v. Brooke View, Inc.*, 162 Idaho 138, 395 P.3d 357 (2017). We take this opportunity to clarify the rule announced in these cases and explain why we reached two very different decisions in each case.

Zuatney Gonzalez pleaded guilty to two criminal counts of possession of a financial transaction card in Bannock County and thereafter requested credit for time served while she was jailed in Canyon County on similar, but unrelated charges. The legal position she took in support

1

of her motion changed. Before the district court, she requested credit from the time Bannock County first issued an arrest warrant in October 2015. In briefing before this Court, she requested credit from the time Bannock County placed a "hold" on her on December 11, 2015. Her position changed again during oral argument when counsel was presented with an affidavit of service in the record which appears to demonstrate that Gonzalez was actually served with the Bannock County arrest warrant on December 11, 2015. In considering the last legal position Gonzalez took, it appears she is legally entitled to credit for time served from when she was first served with the warrant, absent evidence challenging the veracity of the service affidavit. However, since this position was not presented before the district court, Gonzalez has failed to preserve the issue for appeal.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2015, Zuatney Gonzalez ran afoul of the law when she used a fictitious credit card at a Sportsman's Warehouse in Bannock County to make a purchase of $3,760. After continuing her unlawful shopping spree in Nampa, Idaho, she was arrested and jailed in Canyon County. On October 21, 2015—while Gonzalez was sitting in Canyon County custody—Bannock County prosecutors filed a criminal complaint against her, and a Bannock County magistrate court issued an arrest warrant with a $25,000 bond.

The record shows that on December 11, 2015, Corporal Kelly Pound with Canyon County served the Bannock County arrest warrant on Gonzalez. Three days later, the Canyon County magistrate court held an in-custody arraignment on the Bannock County charges, notified Gonzalez of the warrant, set bail at $25,000, and remanded her back to the custody of the Canyon County Sheriff's Department. After pleading guilty to her Canyon County charges and being sentenced, Gonzalez was transferred to Bannock County where she was again served with the arrest warrant on March 3, 2016.

On April 19, 2016, Gonzalez pleaded guilty in Bannock County to two counts of criminal possession of a credit card and was sentenced to a unified term of five years that would run concurrently with the similar charges in Canyon County. On July 14, 2016, Gonzalez moved the district court for credit for time served. Specifically, she requested credit for the time she was incarcerated in Canyon County—from October 21, 2015, the date of the issuance of the arrest warrant, to March 9, 2016, when she was transferred to Bannock County. In support of her motion, Gonzalez attached a copy of the arrest warrant served on her in March and a computer

printout that outlined events during her incarceration in Canyon County; on the printout there was a "Holds" section that featured the following: "WENT TO BANNCOCK (sic) COUNTY Other County Hold 12/11/2015." The arrest warrant served on her in December with the accompanying certificate of service was not attached or mentioned in the motion.

During the motion hearing, Gonzalez's attorney briefly explained that Gonzalez had been served with a Bannock County arrest warrant while she was in Canyon County, but incorrectly told the court that the correct warrant was attached to the motion. The court stated that it would review everything and ensure Gonzalez was given appropriate credit for all time served. It then partially granted her motion, giving her credit for the time served from the date of the *second service* of her arrest warrant on March 3, 2016. However, it denied any credit for time served while she was incarcerated in Canyon County, explaining:

> Gonzalez's incarceration in the Canyon County jail was for an offense other than the one for which she was sentenced in Bannock County; therefore she is not entitled to credit in the Bannock County case for that Canyon County jail time. However, once the Defendant was served with the arrest warrant, it is clear that she was then being held for criminal conduct that allegedly occurred in Bannock County, and she is therefore entitled to credit for time served from March 3, 2016, until May 2, 2016. . .
>
> After careful consideration, this Court <u>DENIES</u> the Defendant's request for credit for time served from October 21, 2015, to March 3, 2016, since she was confined in the Canyon County jail on conduct unrelated to the charges in Bannock County at that time.

Gonzalez timely appealed this ruling, asking for credit for time served from the December 11, 2015 Bannock County hold. The Idaho Court of Appeals held that the issue was not preserved because she asked the trial court for credit for time served from the October 21, 2015 date, not the December 11, 2015 hold date. We granted a petition for review.

## II. STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Barrett*, 163 Idaho 449, 451, 414 P.3d 1188, 1190 (2018) (quoting *State v. Garcia-Rodriguez*, 162 Idaho 271, 274, 396 P.3d 700, 703 (2017)). "This Court thus acts as if the case were on direct appeal from the district court." *Id.*

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *Id.* (quoting *State v. Taylor*, 160 Idaho 381, 384–85, 373 P.3d 699, 702–03 (2016)).

### III. ANALYSIS

In her briefing before this Court, Gonzalez argued that she was entitled to credit for time served from December 11, 2015 (Bannock County hold), while recognizing that she had originally argued to the district court for credit for time served from October 21, 2015 (Bannock County arrest warrant issued). During oral argument, Gonzalez's attorney was made aware of the first service of the Bannock County arrest warrant on December 11, 2015, that was in the record. Then, in the middle of oral argument, Gonzalez adjusted her position and asserted that she was entitled to credit for time served from the December 11 arrest warrant that had been overlooked. The State rebutted that argument, asserting that Gonzalez's changes in position (moving from date of issuance of arrest warrant to date of hold to date of service) could not be raised for the first time on appeal as explained in *State v. Garcia-Rodriguez*, 162 Idaho at 274, 396 P.3d at 703. We agree.

Before addressing our decision in *State v. Garcia-Rodriguez*, it is important to step back and examine an opinion we issued about a month earlier in *Ada Cnty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). In *Brooke View*, the Ada County Highway District (ACHD) had taken property from Brooke View to install a drainage ditch and sidewalks for students walking to school. *Id.* at 140, 395 P.3d at 359. Litigation ensued over the value of the taking, but it soon focused on damage ACHD had caused to a large wall adjacent to the construction. *Id.* at 141, 395 P.3d at 360. Brooke View sought to recover the damages as part of the value of the taking. *Id.* ACHD consistently defended against the claim with the position "that damages caused during construction were not recoverable as part of just compensation." *Id.* The district court rejected ACHD's position and held that claims of damage caused to Brooke View's wall were part of the taking claim.

On appeal, ACHD maintained its position that the valuation of just compensation did not include damage done during construction, but polished up its support for this argument by citing the statute that defined the valuation of just compensation, Idaho Code section 7-711, and the statute that provided that the actual value of the property at the date of the issuance of the summons is used to determined compensation and damages, Idaho Code section 7-712. *Id.* Brooke View argued that ACHD's statutory support for its position was new on appeal and was therefore not properly preserved. *Id.* at 142 n.2, 395 P.3d at 361 n.2. We held that ACHD

properly preserved the issue because only specific arguments had changed, not ACHD's issue or position on the issue:

> Here, early in the proceedings before the district court ACHD adopted the position that damages caused during construction were not recoverable as part of just compensation. ACHD argued this position repeatedly, despite being admonished numerous times by the district court to stop doing so. There is no question that ACHD clearly raised the relevant issue before the district court. ACHD's specific arguments in support of its position may have evolved since the trial, but the issues on appeal and ACHD's position with respect to them remain the same.

*Id.*

In *Brooke View*, the district court addressed the legal issue that ACHD appealed and ACHD did not change its legal position toward that distinct issue (that damages caused during construction were not recoverable as part of just compensation), even though the specific legal arguments it used to support its position had evolved. This was proper and necessary for ACHD to do—during the time of an appeal, parties will ruminate on issues and case law will be decided that may need to be applied to the specific facts of the case at hand. However, these pragmatic evolutions do not leave room for a party to raise new substantive issues on appeal or adopt a new position on an issue that the trial court has not had the opportunity to rule on.

In *Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017), we were faced with similar arguments. In *Garcia-Rodriguez*, a defendant was arrested during a traffic stop for failing to purchase a driver's license under Idaho Code sections 49-301(1) and (8). 162 Idaho at 274, 396 P.3d at 703. He filed a motion to suppress evidence found on him during a search incident to arrest, arguing that his Fourth Amendment rights were violated. *Id.* The State responded that Idaho Code section 49-1407 provided grounds for officers to arrest so long as they had reasonable and probable grounds to believe the person would disregard a written promise to appear in court, which they argued they indeed had. *Id.* After considering the evidence and testimony presented, the district court granted the defendant's motion to suppress, determining that the State failed to produce adequate evidence that the officers possessed reasonable and probable grounds to believe that the defendant would disregard a written promise to appear. *Id.*

On appeal, the State abandoned the fact-based argument it presented to the district court and took up a wholly new one: The officers did not violate the Fourth Amendment because they had probable cause to believe that the defendant had no driver's license—which alone is constitutionally sufficient grounds to arrest, *even if* they violated Idaho Code section 49-1401

5

due to a lack of reasonable and probable grounds to believe the defendant would not honor his written promise to appear. *Id.* at 274–75, 396 P.3d at 703–04. Using ancient wisdom, we explained that substantive issues may not be raised for the first time on appeal because allowing new issues on appeal would change the function of the appellate courts:

> It is for the protection of inferior courts. It is manifestly unfair for a party to go into court and slumber, as it were, on his defense, take no exception to the ruling, present no point for the attention of the court, and seek to present his defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

*Id.* at 276, 396 P.3d at 705 (quoting *Smith v. Sterling*, 1 Idaho 128, 131 (1867)).

Our invocation of the ancient wisdom was somewhat imprecise. The State in *Garcia-Rodriguez* shifted its position on the issue of whether the officers had probable cause to arrest the defendant. Instead of arguing that the officers had probable cause to believe the defendant would not appear, the State argued that the officers had probable cause to believe the defendant did not have a driver's license.

We will not hold that a trial court erred in making a decision on an issue or a party's position on an issue that it did not have the opportunity to address. To be clear, both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal. In other words, *Brooke View* portrays a party riding on a horse that has been groomed and reshod for the appellate process, whereas *Garcia-Rodriguez* exemplifies a party entering the appellate process riding a similar-looking but entirely new horse. A groomed horse is expected on appeal, but a different horse is forbidden.

Here, Gonzalez is riding a similar, but new horse. Unlike ACHD in *Brooke View* which maintained the same position on an issue both at the district court level and throughout the appeal, Gonzalez has changed position on her motion for credit for time served. In her motion for credit for time served and at the motion hearing, she requested time from the *issuance* of the Bannock County arrest warrant. However, on appeal, she abandoned that position and instead argued that she was entitled to credit for time served from the date of a Bannock County *hold*. Then, during oral arguments, she again changed positions and argued that she was entitled to credit from the date of the *service* of the first Bannock County warrant. These changes in position on the issue of credit for time served were inappropriate.

It should be noted that had Gonzalez initially taken the position with the district court that she now takes on the appeal, she would likely be entitled to credit for time served from the date of service of the first arrest warrant. The relevant statute is Idaho Code section 18-309(1), which addresses credit for time served:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

This Court recently interpreted this statute in *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017). In *Brand*, we explained that section 18-309(1) "applies to all offenses that provide a basis for the defendant's incarceration," and that a two-pronged test is to be used in determining when credit for time served under section 18-309 is mandated. *Id.* at 192, 395 P.3d at 812. The first prong requires incarceration of the defendant from the date an arrest warrant is served and the judgment of conviction being entered. *Id.* at 192–93, 395 P.3d at 812–13. The second lays aside any alternative reason for the defendant's incarceration and simply requires that the relevant offense be one that provides a basis for incarceration. *Id.* at 193, 395 P.3d at 813. To explain this test, the Court outlined a hypothetical scenario in *Brand* that parallels the facts of this case. The Court explained that credit for time served would begin when a defendant is served with an arrest warrant while in custody for another charge:

> **Scenario 1:** Defendant is already in custody on unrelated charges. He is served with an arrest warrant which requires defendant to post bail. Defendant does not post bail and remains in custody until sentencing. Defendant is entitled to credit from the date of service of the warrant through the date of sentencing.

*Id.*

In this case, Gonzalez was in custody in Canyon County on charges unrelated to the charges filed in Bannock County. She was served with a Bannock County arrest warrant on December 11, 2015, which required her to post bail of $25,000. Gonzalez was arraigned on this Bannock County warrant but did not post bail and was remanded to the custody of the Canyon County Sheriff.

However, Gonzalez failed to argue or present evidence on this position before the district court. Even though Gonzalez argued that she was entitled to credit for time served from the issuance of a Bannock County arrest warrant, the district court nonetheless applied the correct standard to the evidence before it when it determined that credit for time served began with the

service of the Bannock County warrant on March 3, 2016. The district court explained its reasoning by stating that "once the Defendant was served with the arrest warrant, it is clear that she was then being held for criminal conduct that allegedly occurred in Bannock County." However, the district court was not presented with the arrest warrant served on Gonzalez on December 11, 2015, because this was not Gonzalez's original position. To allow Gonzalez to change positions on appeal would be unfair to the State because it did not have the opportunity to address and respond at the district court level. Likewise, it would be inappropriate for this Court to rule that the district court erred by not considering evidence or argument not presented to it. Just as we would not allow the State in *Garcia-Rodriguez* to change positions on an issue on appeal, we will not allow Gonzalez to change positions on the issue of credit for time served. We hold that she has failed to properly preserve her issue for appeal because of her transforming positions on that issue. This holding should not be construed as precluding Gonzalez from filing a renewed motion for credit for time served pursuant to Idaho Criminal Rule 35(c).

## IV.    CONCLUSION

In light of the foregoing, the decision of the district court is affirmed. Gonzalez may, at her discretion, file a renewed motion for credit for time served pursuant to Idaho Criminal Rule 35(c).

Chief Justice BURDICK, and Justices BEVAN, STEGNER and HORTON CONCUR.