# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46333

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JOHN ROBERT RODRIGUEZ,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2020 Term

Opinion Filed: June 10, 2020

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jonathan Medema, District Judge.

The district court's judgment of conviction is <u>affirmed</u>.

Fyffe Law, LLC, Boise, for appellant. Robyn Fyffe argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth Jorgensen argued.

_____

BRODY, Justice.

This is an appeal from a judgment of conviction under Idaho Code section 18-8505, which makes it a felony to supply a firearm to a gang member, based on a number of constitutional challenges to that statute. John Robert Rodriguez sold a firearm to an individual who had visible gang tattoos and had previously identified himself as a member of the Norteño gang, but who was actually an informant paid by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The State charged Rodriguez with two counts of providing firearms to criminal gang members under Idaho Code section 18-8505 and a sentencing enhancement for providing the firearm to further criminal gang purposes under Idaho Code section 18-8503(1)(b). After trial, the jury returned a verdict of guilty as to Count I but not guilty as to Count II and answered no to the sentencing enhancement question (i.e., the State had not proven that the sale of the gun was to further a criminal gang purpose). The district court suspended a unified sentence of ten years and placed Rodriguez on probation for ten years. Rodriguez timely

1

appealed. On appeal, Rodriguez argued that his conviction must be vacated because by criminalizing the sale or transfer of firearms to gang members without the intent to further criminal or gang activity, Idaho Code section 18-8505 violates several rights guaranteed by the federal Constitution: the freedom of association under the First Amendment, the right to bear arms under the Second Amendment, and the due process requirement of personal guilt under the Fourteenth Amendment. For the reasons stated below, we affirm Rodriguez's judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The State charged Rodriguez with two counts of providing a firearm to a criminal gang member under Idaho Code section 18-8505 (a felony) and a sentencing enhancement under Idaho Code section 18-8503(1)(b). Specifically, Counts I and II alleged that on two separate occasions in 2017, Rodriguez supplied a firearm to someone he knew to be a gang member: first to a confidential informant and then to an individual named Fermin Figueroa. The sentencing enhancement alleged that Rodriguez engaged in the activity alleged to further criminal gang purposes, thereby qualifying for a greater sentence. The State also charged Figueroa, alleging that he encouraged Rodriguez to provide a firearm to a criminal gang member. The Boise Police Department considered both Rodriguez and Figueroa to be members of the Norteño gang, which the Department described as a "violent criminal gang that has existed in the Treasure Valley, as well as other parts of the state, for approximately four generations." Rodriguez's case was consolidated with Figueroa's. Both pled not guilty, and a jury trial was held.

At trial, a confidential informant testified that he joined the Norteño gang as a teenager but eventually started working for the ATF. When he met Rodriguez, he introduced himself as a Norteño and Rodriguez saw tattoos on his face that were associated with the Norteños, so Rodriguez knew he was a gang member. In July of 2017, he texted Rodriguez to set up a firearms purchase. The confidential informant identified Exhibit 2 at trial as a video showing him talking with Rodriguez before buying a handgun from him, taken on the recording device given to him by the ATF. Exhibit 2 was admitted, along with Exhibit 3, identified by the confidential informant as a photograph of the handgun he purchased from Rodriguez. The confidential informant further testified that he attended a meeting with several gang members in August of 2017. He identified Exhibit 4 as a video of a portion of that meeting, which was also taken on an ATF recording device. He testified that Figueroa called Rodriguez about bringing a gun to the

meeting. When Rodriguez arrived, Rodriguez told him he had brought a gun, and later, Rodriguez left the gun in a car with other gang members. The State also called two ATF agents and a detective from the Boise Police Department as witnesses.

After the State rested, Figueroa moved for a judgment of acquittal under Idaho Criminal Rule 29. The district court granted this motion. The district court explained that there was no reasonable basis for the jury to conclude that anything Figueroa said to Rodriguez was anything other than a simple request to come to the meeting and bring his gun with him. It noted that Figueroa's request for Rodriguez to bring a gun would be a request to possess a gun, but it did not appear that it was illegal for Rodriguez to possess a gun.

As to Rodriguez, the jury returned a verdict of guilty as to Count I but not guilty as to Count II and answered no to the sentencing enhancement question (i.e., the State had not proven that the sale of the gun was to further a criminal gang purpose). Following a sentencing hearing, the district court entered a Judgment of Conviction, Suspended Sentence, and Order of Probation. The district court sentenced Rodriguez to an aggregate term of ten years, with the first four years fixed, and then suspended the sentence and placed Rodriguez on probation for a period of ten years. It also imposed certain conditions of probation, including serving 365 days in the Ada County jail (with the opportunity for work release) and not associating with certain people associated with the Norteño gang.

About one month later, the district court received a letter from Rodriguez. In his letter, Rodriguez asked for assistance because he wanted to appeal but had not been able to get ahold of his trial attorney, and the public defender's office said that his private attorney would have to represent him. The district court interpreted this letter as a motion to appoint a public defender and appointed the Ada County Public Defender's Office to represent Rodriguez. Rodriguez then filed a timely notice of appeal from the Judgment of Conviction, Suspended Sentence, and Order of Probation. Initially, the State Appellate Public Defender was appointed to represent Rodriguez in his appeal, but Robyn Fyffe was later substituted as counsel.

## II.    ANALYSIS

### A. Rodriguez forfeited his constitutional challenges by failing to present them to the trial court.

Rodriguez admits that he did not present his constitutional challenges to the district court. Generally, the Court will not address new issues on appeal. *State v. Garcia-Rodriguez*, 162 Idaho

271, 275, 396 P.3d 700, 704 (2017). We have repeatedly reaffirmed the importance of this principle. *State v. Hoskins*, 165 Idaho 217, 223-25, 443 P.3d 231, 237-39 (2019) (collecting cases, including *State v. Cohagan*, 162 Idaho 717, 404 P.3d 659 (2017); *State v. Fuller*, 163 Idaho 585, 416 P.3d 957 (2018); and *State v. Gonzalez*, 165 Idaho 95, 439 P.3d 1267 (2019)). The rule that unpreserved issues are forfeited serves several important purposes, including incentivizing full development of the relevant facts and law, ensuring fairness to the opposing party, and protecting the judicial system's interests in efficiency and finality. *See Hoskins*, 165 Idaho at 226, 443 P.3d at 240; *Gonzalez*, 165 Idaho at 98-100, 439 P.3d at 1270-72; *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010).

Rodriguez does not challenge this principle or argue that an exception (such as fundamental error) should apply. Rather, he asserts that: (1) he is making a sufficiency of the evidence challenge, and such challenges can be raised for the first time on appeal, and (2) he could not have raised his constitutional challenges until after the jury's decision on the enhancement. We disagree that either reason relieved Rodriguez from compliance with the issue preservation requirement.

First, this is not a sufficiency of the evidence case. It is true that sufficiency of the evidence challenges may be raised for the first time on appeal. *State v. Villa-Guzman*, 166 Idaho 382, ___, 458 P.3d 960, 962 (2020). However, Rodriguez's constitutional claims are not properly characterized as a challenge to the sufficiency of the evidence. Our inquiry when evaluating a sufficiency of the evidence challenge is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Schiermeier*, 165 Idaho 447, 451, 447 P.3d 895, 899 (2019) (emphasis omitted). Here, Rodriguez is not arguing that there is not enough evidence to satisfy the elements of the crime in Idaho Code section 18-8505, or that Idaho Code section 18-8505 should be interpreted in such a way that the elements are not satisfied here. Rather, he is challenging Idaho Code section 18-8505 itself by arguing that it is unconstitutional. While he attempts to couch his constitutional claim as an "as-applied" challenge, we disagree with that characterization as discussed below. Therefore, this is not a sufficiency of the evidence case, and Rodriguez cannot escape application of the issue preservation requirement on that ground.

Second, Rodriguez could have raised his constitutional challenges before the jury's decision on the enhancement, i.e., before the jury decided that he did not sell the gun in order to

further criminal gang purposes. Rodriguez argues that Idaho Code section 18-8505 only became unconstitutional as applied to his conduct once the jury made that decision, because only then was it clear that his crime "lack[ed] any nexus with the harm sought to be remedied by [Idaho Code section 18-8505]." We disagree. Rodriguez's constitutional challenges are based on the elements of the offense. The jury instruction describing the elements of the offense for which Rodriguez was convicted read as follows:

> In order for defendant JOHN RODRIGUEZ to be guilty of Count I, Providing a Firearm to a Criminal Gang Member, the State must prove each of the following:
>
> 1. On or about the 26th day of July, 2017;
> 2. in the state of Idaho;
> 3. the defendant, JOHN RODRIGUEZ,
> 4. sold, supplied, or gave possession of a firearm, to—wit: a .357 handgun to a confidential informant; and
> 5. the defendant knew that that confidential informant was a criminal gang member.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

The basis for Rodriguez's constitutional challenges is apparent from the elements themselves. Nothing in the jury instruction required the State to prove that Rodriguez sold the gun *in order to further criminal gang purposes*. It only required the State to prove Rodriguez's act of selling the gun and Rodriguez's knowledge that the purchaser was a criminal gang member. Therefore, the alleged constitutional infirmities were clear from the beginning; Rodriguez did not have to wait until the jury's decision on the enhancement to raise them. It is probably true that, if the jury decided that Rodriguez sold the gun in order to further criminal gang purposes under Idaho Code 18-8503, Rodriguez's as-applied constitutional challenges would be much weaker. However, nothing prevented Rodriguez from raising those challenges before the jury made that decision. Therefore, Rodriguez was not excused from the issue preservation rule on the basis that he could not have raised his constitutional arguments before the jury's decision on the enhancement, and we decline to consider these arguments for the first time on appeal.

### III. CONCLUSION

We affirm the district court's judgment of conviction.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.