**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47054**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 23, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MELODY MIRANDA GREEN, aka | ) **OPINION AND SHALL NOT** |
| BERGQUIST, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Order granting in part and denying in part motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Melody Miranda Green appeals from the district court's order partially denying her motion for credit for time served. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2017, in Washington County, the State charged Green with two felony counts of possession of a controlled substance.[1] Green eventually pled guilty to one count and the State

---

[1] Green was in custody from July 14, 2017, to August 2, 2017, and was released upon posting bond. However, she continued to be held in custody for warrants in her Payette County case. Jail records indicate she was in custody from August 2, 2017, to August 3, 2017, and that she was also in custody August 17, 2017, to October 3, 2017.

1

dismissed the second count as part of a plea agreement. The district court suspended Green's sentence[2] and placed her on probation with the requirement that she attend drug court. Green was accepted into drug court on October 5, 2017. Green violated her probation by, among other things, committing new offenses. The district court revoked probation and ordered the sentence executed.

The record shows Green was in custody in the Payette County jail from October 19, 2017, to December 18, 2017.[3] Green served discretionary jail time as a drug court sanction. Green filed a motion for credit for time served. The district court determined that the periods of custody that Green claimed she was entitled to credit for time served in this Washington County case were actually related to a Payette County case:

> What is perhaps most confusing, is that the Defendant posted bond in her Washington County cases, but was still held in custody on warrants from Payette County case number CR-2011-2415. . . . This means that her Washington County cases were not a basis for much of her incarceration during the time these cases were proceeding. . . . She was also incarcerated for discretionary jail time from August 21, 2017 to October 3, 2017, on her Payette County case. Ms. Green does get credit for this discretionary jail time, but in the Payette County case only. This discretionary time was not related to the Washington County cases as she had posted bail in those cases, and it was imposed subject to the probation violation in the Payette County case.

The district court granted Green's motion in part and denied it in part, awarding her twenty-four days of pre-imposition incarceration time. Green timely appeals, asserting that at least some of the discretionary jail time she served was in both cases.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-385, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

---

[2]     Green's sentence is for a unified term of five years with two years determinate.

[3]     The jail records, for reasons that are unclear, list Green's time in jail as being October 19, 2017, to November 19, 2017, and November 16, 2017, to December 18, 2017. The reasons for the overlap between November 19 and 16 are unclear.

# III.

## ANALYSIS

Green argues the district court erred by partially denying her credit for time served for the period of custody she contends was served as a discretionary drug court sanction stemming from her Washington County case. The State argues that the district court correctly concluded that the challenged period of custody was related to Green's Payette County case and that she has failed to show clear error. Both parties acknowledge the record is not clear. We hold that Green has failed to show that the district court erred in calculating her credit for time served.

Idaho Code § 19-2603 governs credit for time served as a condition of probation. It mandates that a defendant receive credit for time served for any time served as a condition of probation under the suspended sentence. *Id*. Neither party disputes the applicability of the statute, only whether the discretionary time Green served stemmed from her Payette County case or her Washington County case. The record is not clear on this issue.

The district court concluded that Green was entitled to credit for the discretionary jail time she served on her Payette County case but additionally found "[t]his discretionary time was not related to the Washington County cases as she had posted bail in those cases, and it was imposed subject to the probation violation in the Payette County case." Green argues she served "at least one period of incarceration at the Payette County Jail, evidenced by her motion for credit for time served and supporting documents." However, these supporting documents consisting of conflicting jail records and her own assertions, made through motions and affidavits claiming she was not getting the appropriate credit for time served, do not show that the district court's factual determinations are clearly erroneous. Green argues that her pro se motion, her affidavit, and her motion through counsel all show the calculation of time was in error: "[s]he averred she was not getting credit for time served in Payette County Jail." Green claims that all these documents taken collectively "establish[] she was in custody in [the] Payette County Jail for some period of time when she was in drug court as a condition of her probation . . . . The district court therefore erred by not awarding her credit for time served as a condition of probation." Green claims that the time served as a condition of probation related to drug court violations and that she was in drug court simultaneously from both the Payette County and Washington County cases. Therefore, she asserts that the discretionary time served in Payette County related to both cases. She provided no evidence other than her assertion that she

3

was in drug court on both cases or that the discretionary time served in Payette County related to the Washington County case.

The findings of the district court cannot be disproven by mere assertions, which make up the bulk of Green's argument. Her affidavits and claims below that she was not getting the correct credit for time served are not sufficient to demonstrate the findings of the district court were clearly erroneous. Additionally, Green admits the record is not clear in this case and often argues she is entitled to at least *some* credit, without referencing any specific number or calculation.[4] Green's assertions only highlight the confusing nature of the record which is not enough to establish clear error. Accordingly, the district court's finding that Green was only entitled to credit for time served for the Payette County case has not been disproven by the record. Green has failed to show that the district court erred by not granting her additional credit for time served on her Washington County case.

## IV.

## CONCLUSION

Green has failed to show the district court's conclusion that Green's time served as a discretionary drug court sanction was related to the Payette County case and not the Washington County case was clearly erroneous. Accordingly, we affirm.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[4] Green additionally argues that the district court's sanction order shows a period of incarceration which was a drug court sanction: "On November 30, 2017, fifty-six days after Ms. Green's drug court acceptance, the district court ordered her to *remain* in custody until December 18, 2017, for violating a drug court rule." (Emphasis added.) Though this order references the Washington County case number, it was filed in the Payette County case. Green claims this order confirms she was in custody as a condition of her probation in Washington County. This order only convolutes the issue, it does not clearly demonstrate an acknowledgement that the period of incarceration stemmed from Green's Washington County case.

Moreover, this claim was not presented to the district court in support of the motion for credit for time served and therefore, cannot be considered on appeal. *State v. Gonzalez*, 165 Idaho 95, 96, 439 P.3d 1267, 1268 (2019) (rejecting claim of error regarding calculation of credit for time served because claim was not presented to district court); *State v. Mitchell*, 124 Idaho 374, 376 n.1, 859 P.2d 972, 974 n.1 (Ct. App. 1993) (The appellate court is limited to review of the record made below and will not consider new evidence that was never before the trial court.).