IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 50382

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 15, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SKYLER STEVEN McBRIDE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for two counts of lewd conduct with a minor child under sixteen, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Skyler Steven McBride appeals from his judgment of conviction for two counts of lewd conduct with a minor child under sixteen. McBride argues that the district court erred in excluding evidence of the incarceration status of the victim at the time of her disclosure of past sexual abuse and her subsequent conviction on the basis that such evidence does not bear on the victim's credibility and character for truthfulness. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL HISTORY

McBride's niece, K.P., disclosed that McBride sexually abused her. This initial disclosure led to the discovery of further child victims within the family who also disclosed sexual and physical abuse by McBride. After McBride's arrest on charges arising from statements from some

1

of the victims, police interviewed a female cousin, E.S., who was in jail on kidnapping and robbery charges. The detective asked E.S. if McBride had ever sexually abused her. Initially, E.S. said nothing happened, then said she could not remember. When the detective returned the following day, E.S. provided statements describing an act of manual-genital contact by McBride when she was nine or ten years old and described several other acts of sexual misconduct by him when she was a teenager. A grand jury indicted McBride on two counts of lewd conduct with a minor child under sixteen.

Prior to trial, McBride filed a notice of intent to impeach E.S., pursuant to Idaho Rule of Evidence 609, with evidence related to her aggravated battery conviction in 2022. McBride contended that evidence E.S. was convicted of aggravated battery was relevant because she was originally charged with robbery and kidnapping, later resolved by a guilty plea to aggravated battery, which charges were pending when police first interviewed her about McBride's lewd conduct. McBride argued the evidence of the conviction "goes directly to E.S.'s credibility, honesty, and veracity in her statements to the detective and the motive in making them," and asserted E.S. would have had "a higher motivation for untruthfulness and a bias and/or protection of herself to cooperate with the State and to say things that would favor her own position, in anticipation of her own upcoming felony trial and/or plea(s) and/or sentencing." He further argued that because E.S. was originally charged with kidnapping and robbery rather than aggravated battery, the conviction for aggravated battery was relevant to E.S.'s character for truthfulness. McBride argued, alternatively, that evidence of E.S.'s conviction for aggravated battery was admissible under I.R.E. 608 to show E.S.'s reputation for untruthfulness. The State opposed the introduction of E.S.'s conviction on the basis that aggravated battery is a crime of violence and, therefore, evidence of E.S.'s conviction was not relevant to her truthfulness or bias. The State further argued any relevance of E.S.'s conviction for aggravated battery was substantially outweighed by the potential for unfair prejudice.

After a hearing, the district court held that the evidence of E.S.'s conviction was not admissible under I.R.E. 609 because aggravated battery is "a violent crime" that was not relevant to character for truthfulness or credibility. The district court further ruled that the evidence was not relevant to reputation for truthfulness under I.R.E. 608. Lastly, the district court held that any relevance of the evidence was substantially outweighed by its prejudicial effect.

A jury found McBride guilty of two counts of lewd conduct with a minor child under sixteen years, Idaho Code § 18-1508. McBride appeals.

## II.

## STANDARD OF REVIEW

Evidentiary questions of relevance are reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion. *State v. Garcia*, 166 Idaho 661, 669, 462 P.3d 1125, 1133 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

McBride argues that the district court violated his constitutional rights under the Sixth and Fourteenth Amendments. Specifically, he claims that his right to confront witnesses against him and his right to present a complete defense were infringed upon when the trial court precluded cross-examination of E.S. regarding circumstances of her incarceration and conviction. McBride asserts that this line of questioning was crucial to E.S.'s credibility and to demonstrate E.S.'s potential bias and motive to fabricate her testimony. The State argues that the only issue McBride raised in the district court, that the evidence was admissible under I.R.E. 609, has been waived as McBride fails to address it on appeal.[1] The State further argues that McBride failed to properly preserve the constitutional issue for appeal because he did not raise a constitutional claim in the district court. Finally, the State asserts that McBride failed to show error in the district court's alternative holding that any probative value of the evidence was outweighed by its prejudicial effect. We agree with the State.

---

[1] McBride alternatively argued that if the evidence was not admissible under I.R.E. 609, then it should be admissible under Idaho Rule of Evidence 608. The district court correctly rejected McBride's claim that the evidence was admissible for reputation for truthfulness under I.R.E. 608. McBride presents no argument on appeal in regard to I.R.E. 608 and, therefore, he has waived any claim regarding I.R.E. 608.

Prior to trial, McBride filed his "Notice of Intent to Impeach Pursuant to IRE 609 (Redacted)." Idaho Rule of Evidence 609(a) provides:

> For the purpose of attacking a witness's character for truthfulness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony must be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the witness's character for truthfulness and that the probative value of this evidence outweighs its prejudicial effect to the party offering the witness.

McBride pointed out that E.S. was incarcerated at the time of disclosure and ultimately convicted of aggravated battery which is a felony under Idaho Code §§ 18-903, 18-907, and 18-908. McBride also noted that I.R.E. 609 requires the trial court to apply a two-prong test in deciding whether evidence of the prior conviction should be admitted: (1) whether the fact or nature of the conviction is relevant to the witness's credibility; and (2) if so, whether the probative value of the evidence outweighs its prejudicial impact. *State v. Thompson*, 132 Idaho 628, 630, 977 P. 2d 890, 892 (1999). McBride acknowledged that crimes of violence, like aggravated battery, are generally considered to have little or no bearing on honesty or veracity. *Id*. at 631, 977 P. 2d at 893. However, he argued that E.S. was originally charged with robbery and kidnapping, which he asserted had more bearing on honesty and veracity. Yet, McBride specifically stated that the impeachment would be limited to the aggravated battery conviction and asserted that the original charges should only give context to the district court's determination of relevancy under I.R.E. 609 for impeachment. McBride also argued that E.S.'s custody status at the time of disclosure bore upon her credibility and motivation, which supported admissibility. However, McBride admitted to the district court that there was no evidence of any benefit to E.S. relative to the pending charges or her incarceration status at the time of her disclosure.

The district court held that the aggravated battery conviction does not "bear materially on character for truthfulness or untruthfulness." The district court held that evidence "E.S. gained advantage in her plea bargaining, got a reduced charge, a favorable plea agreement in return for-- for testifying against Mr. McBride," would be allowable, however, McBride "has acknowledged not having a basis to so contend." Further, the district court found that E.S.'s incarceration status at the time of disclosure similarly does not "bear on motive or bias in any meaningful way." Finally, the district court held that to the extent the evidence has any relevance it is substantially outweighed by the potential for prejudice associated with E.S. being in legal trouble.

4

As an initial matter, the district court was correct in holding that the proposed evidence was inadmissible under I.R.E. 609. McBride disavowed any intent to introduce evidence of the original charges and the crime of conviction, aggravated battery, had no bearing on credibility or character for truthfulness under an I.R.E. 609 analysis. *State v. Trejo*, 132 Idaho 872, 876, 979 P.2d 1230, 1234 (Ct. App. 1999) (prior conviction for aggravated assault not relevant to credibility). That said, McBride has waived any claim that the district court erred in ruling that the evidence was inadmissible under I.R.E. 609 as McBride makes no argument in his appellate brief regarding I.R.E. 609. In fact, the rule is nowhere cited in McBride's opening brief, including the statement of issues, and no argument or other authority bearing on an I.R.E. 609 analysis is set forth by McBride. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

In abandoning his I.R.E. 609 argument raised in the district court, McBride frames the issue as whether the district court violated his constitutional rights when it prevented him from introducing relevant evidence pertaining to the credibility of the statements and testimony of the State's complaining witness. McBride argues that, irrespective of I.R.E. 609, he raised a claim that the circumstances of E.S.'s disclosures were relevant to her possible bias and motivation in making the disclosures. McBride argues that a complaining witness's motive and bias is always relevant, citing, inter alia, *United States v. Abel*, 469 U.S. 45, 50 (1984) and *State v. White*, 97 Idaho 708, 713, 551 P.2d 1344, 1349 (1976). McBride argues that the district court erred by failing to recognize the evidence was relevant to the reliability of E.S.'s disclosure of alleged abuse and her credibility as a witness at trial. Consequently, McBride seeks relief on the basis that the district court's preclusion of the evidence violated his Sixth and Fourteenth Amendment rights to effective cross-examination and to present a defense.

The State contends that McBride's arguments on appeal are not preserved. A party fails to preserve an issue for appeal unless the party raises both the issue and the party's position on that issue in the trial court. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Where a party fails to preserve an issue for appeal via a timely objection, the issue will only be reviewed and reversed on appeal if it constitutes fundamental error. *State v. Sheahan*, 139 Idaho 267, 280-81, 77 P.3d 956, 969-70 (2003) (quoting *State v. Lovelass*, 133 Idaho 160, 167, 983 P.2d 233, 240

5

(Ct. App. 1999)). "The rule that unpreserved issues are forfeited serves several important purposes, including incentivizing full development of the relevant facts and law, ensuring fairness to the opposing party, and protecting the judicial system's interests in efficiency and finality." *State v. Rodriguez*, 166 Idaho 848, 850, 465 P.3d 1087, 1089 (2020).

McBride argues that his claim that the evidence of the circumstances of the disclosure were relevant was adequately raised in the district court. He contends that statements made in his I.R.E. 609 motion regarding the circumstances of the disclosure preserve the present claim of relevance as to motive and bias independent of the analytical structure of I.R.E. 609 presented in the motion. He claims that, in accordance with *State v. Hoskins*, 165 Idaho 217, 443 P.3d 231 (2019), both the issue and his position on the issue was raised before the trial court. We disagree. While an analysis of relevance was certainly germane in the I.R.E. 609 context, McBride's argument in the district court was limited to that context. The district court evaluated relevance under the tiered analysis described in *Thompson*, 132 Idaho at 630-31, 977 P.2d at 892-93, to determine what type of underlying felony convictions in the I.R.E. 609 analysis bear on credibility. As noted, the district court held, under the *Thompson* analysis, E.S.'s conviction for aggravated battery did not bear on credibility or character for truthfulness. The relevance issue raised by McBride and addressed by the district court was limited to the I.R.E. 609 context.

The same is true of McBride's ultimate claimed violation of his constitutional rights by exclusion of the evidence. McBride never mentioned constitutional rights or a claimed violation in the district court. Where a defendant alleges that a constitutional error occurred at trial, we must first determine whether a contemporaneous objection was made. *State v. Bernal*, 164 Idaho 190, 193, 427 P.3d 1, 4 (2018). If the alleged error was not followed by a contemporaneous objection, it must be reviewed under the fundamental error doctrine. *Id*. Idaho's appellate courts have routinely held that an objection on one ground does not preserve for appeal an objection on another ground. *State v. Chacon*, 168 Idaho 524, 532-33, 484 P.3d 208, 216-17 (Ct. App. 2021). Moreover, the allegedly erroneous denial of evidence under I.R.E. 609 or 608 is not the violation of a constitutional right, but rather it is a trial error and does not go to the foundation of the case or take from the defendant a right which was essential to his defense. *State v. Cannady*, 137 Idaho 67, 72-73, 44 P.3d 1122, 1127-28 (2002). McBride failed to preserve a constitutional claim and has not argued fundamental error.

6

Finally, even if we consider McBride's claim that "the circumstances surrounding E.S.'s disclosures were admissible to show her possible bias and motivation in making the disclosures; specifically, to explain 'why' her disclosure 'happened when it happened,'" the evidence is not relevant. McBride disavowed any intent to introduce evidence of the original charges. McBride acknowledged he had no basis to claim a benefit to E.S. from the disclosures. What is left is that E.S. was incarcerated at the time of her disclosures and ultimately convicted of aggravated battery. These facts have no bearing on "why her disclosure happened when it happened." Those facts do not implicate bias or motivation in making the disclosures. Based on this, we further conclude that McBride has failed to show error in the district court's alternative ruling that any probative value of the evidence was substantially outweighed by its prejudicial effect. Therefore, McBride has failed to show error in the district court's order precluding the proposed impeachment evidence.

## IV.

## CONCLUSION

McBride has failed to substantiate a claim of error by the district court in precluding the impeachment evidence. Therefore, we affirm McBride's judgment of conviction.

Judge LORELLO and Judge TRIBE **CONCUR**.

7