**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51710**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>ERICA DAWN BALDWIN,<br><br>　　　Defendant-Appellant. | **Filed: June 1, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Memorandum decision denying motion for relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Erica Dawn Baldwin appeals from the district court's memorandum decision denying her motion for relief from order for reimbursement of court expended funds. Baldwin argues the district court abused its discretion by ordering Baldwin to reimburse Bonneville County $600 for the psychological evaluation and subsequent report prepared pursuant to Idaho Code § 18-211. Baldwin argues the psychological evaluation is not a legal service as contemplated by I.C. § 19-854(7)[1] and the district court did not consider Baldwin's future ability to pay the reimbursement. Baldwin also argues the proper mechanism for the State to request reimbursement is set forth in I.C. § 19-858.[2] The State argues Baldwin's statutory interpretation argument is not preserved but,

_____

[1]　Idaho Code § 19-854 was recodified in 2023 as I.C. § 19-6011 by the State Public Defender Act. The recodification does not affect the analysis and for ease of reference, the statute will be referred to as I.C. § 19-854.

[2]　Idaho Code § 19-858 was recodified in 2023 as I.C. § 19-6015 by the State Public Defender Act. The recodification does not affect the analysis and for ease of reference, the statute will be referred to as I.C. § 19-858.

even if it is, it fails on the merits; any argument regarding the applicability of I.C. § 19-858 is also waived; the district court was not required to consider Baldwin's future ability to pay; and the district court did not abuse its discretion by ordering the reimbursement. We hold Baldwin's statutory interpretation argument and the applicability of I.C. § 19-858 are not preserved for appeal. We similarly hold the district court was not required to assess Baldwin's future ability to reimburse the county but, even if it was required to do so, Baldwin presented no evidence she would be unable to reimburse the county at a future date. Finally, we hold the district court did not abuse its discretion by ordering Baldwin to reimburse Bonneville County $600 for the psychological evaluation and report prepared pursuant to I.C. § 18-211. The district court's memorandum decision denying Baldwin's motion for relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Baldwin was charged with felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), and resisting or obstructing officers, I.C. § 18-705. Baldwin requested, and was granted, court-appointed counsel. Shortly thereafter, Baldwin's counsel moved to have Baldwin undergo a psychological evaluation pursuant to I.C. §§ 18-210, 18-211, and 18-212. Counsel requested the evaluation be paid for at county expense because of Baldwin's indigency but indicated Baldwin would reimburse the county as part of restitution. The district court granted the motion and ordered Baldwin to undergo a psychological evaluation to be paid for by the county "subject to reimbursement by [Baldwin] if appropriate under Idaho law." Following the evaluation, the district court found Baldwin lacked fitness to proceed and Baldwin was committed to the custody of the Idaho Department of Health and Welfare.

After treatment, Baldwin was found fit to proceed. Baldwin waived her preliminary hearing and pleaded guilty to felony possession of a controlled substance. Pursuant to a plea agreement, the State dismissed the resisting or obstructing charge. Prior to sentencing, the State filed a notice of costs and requested that the district court enter an order requiring Baldwin to reimburse Bonneville County $600 for the psychological evaluation. After the district court sentenced Baldwin and entered a judgment of conviction, Baldwin objected to the State's request for reimbursement arguing she was indigent and was incarcerated on a pending criminal matter at the time of the evaluation. The matter was set for hearing.

2

At the hearing, Baldwin advanced the same arguments contained in her objection. The district court issued a written decision. Therein, the district court noted I.C. § 18-211(1) requires a defendant to pay for the costs of an evaluation if financially able, regardless of incarcerated status. In assessing whether a defendant is financially able to pay for the evaluation, I.C. § 18-211 directs that such an assessment "shall be made in accordance with chapter 8, title 19, Idaho Code." However, the district court found Baldwin provided no application or any other materials for it to evaluate Baldwin's financial ability to pay. Therefore, the district court ordered Baldwin to reimburse Bonneville County $600 for the cost of the evaluation.

Subsequently, Baldwin filed a motion for relief from the order for reimbursement and argued she was indigent and unable to reimburse the county $600 for the evaluation. As part of the motion, Baldwin provided an application of indigency. A hearing was held. During the hearing, Baldwin argued she should not have to pay for the evaluation because the magistrate court already determined Baldwin was indigent when it appointed her counsel, Baldwin was indigent at the time of the psychological evaluation, and she was still indigent at the time of the hearing.

The district court denied Baldwin's motion. In its written decision, the district court again cited to I.C. §§ 18-211 and 19-854 to determine Baldwin's ability to pay for the evaluation. The district court concluded that even though Baldwin was indigent and currently unable to pay, I.C. § 19-854 did not "automatically and forever" exempt Baldwin from reimbursing Bonneville County for the cost of the psychological evaluation and report. Baldwin appeals.

## II.
## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.
## ANALYSIS

On appeal, Baldwin makes two arguments. First, Baldwin argues the district court abused its discretion by ordering her to reimburse Bonneville County $600 for the psychological evaluation and report prepared pursuant to I.C. § 18-211 because a competency evaluation is not

3

a "legal service" as contemplated by I.C. § 19-854(7). Second, Baldwin argues the district court abused its discretion because it did not examine whether it was foreseeable that Baldwin would have the ability to reimburse the county for the cost of the evaluation. The State argues Baldwin's first argument is not preserved for appeal but, alternatively, the psychological evaluation is a "legal service" as contemplated by I.C. § 19-854(6) and (7). The State also argues the district court was not required to determine whether Baldwin had a foreseeable ability to pay and did not err when it ordered Baldwin to reimburse Bonneville County $600 for the evaluation.

## A.      Psychological Evaluation as a Legal Service

For the first time on appeal, Baldwin argues the I.C. § 18-211 psychological evaluation is not reimbursable as a "legal service" pursuant to I.C. § 19-854(7) and because the proper statute under which reimbursement could be sought is I.C. § 19-858. The State responds that Baldwin's argument is not preserved but, even if preserved, it fails on the merits.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). A party also preserves an issue for appeal if the trial court issues an adverse ruling. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). However, the adverse ruling must still address, at least in part, the issue raised on appeal. *State v. Ogden*, 171 Idaho 843, 856, 526 P.3d 1013, 1026 (2023). Thus, an issue is preserved either by properly presenting the issue with argument and authority to the trial court below *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. *Miramontes*, 170 Idaho at 924-25, 517 P.3d at 853-54. However, there is a distinction between a refined issue, appropriate for review, and a new issue, unfit for consideration. *Gonzalez*, 165 Idaho at 98-99, 439 P.3d at 1270-71. "The rule that unpreserved issues are forfeited serves several important purposes, including incentivizing full development of the relevant facts and law, ensuring fairness to the opposing party, and protecting the judicial system's interests in efficiency and finality." *State v. Rodriguez*, 166 Idaho 848, 850, 465 P.3d 1087, 1089 (2020).

Baldwin's argument in the district court regarding the reimbursement was premised solely on the fact that she was indigent. During the hearing on Baldwin's objection to the State's reimbursement request, Baldwin argued she was indigent and could not pay for the evaluation. At

4

the hearing on Baldwin's motion for relief from the order for reimbursement, Baldwin again maintained she was indigent both at the time of the psychological evaluation and the motion hearing.

On appeal, rather than continue with her argument that her indigency precludes reimbursement, Baldwin presents a new and different argument. Baldwin argues she is not required to reimburse the county for the cost of the psychological evaluation based on a statutory analysis of I.C. § 19-854. More specifically, Baldwin argues the evaluation is not a "legal service" pursuant to I.C. § 19-854(7) and thus it is not an expense for which she is required to reimburse the county. The State argues this issue was not raised in the district court and therefore has been waived for purposes of appeal. Because Baldwin did not raise this issue in the district court, it is preserved only if the district court ruled adversely to Baldwin on this issue.

Here, the "adverse ruling" analysis does not apply for two reasons. First, Baldwin has waived any argument that there was an adverse ruling because she fails to support her claim with argument and authority. Second, even when reviewed on the merits, the district court did not issue an adverse ruling on whether the I.C. § 18-211 psychological examination is a legal service contemplated by I.C. § 19-854(7).

In the respondent's brief, the State argued Baldwin's statutory analysis argument was not preserved. In Baldwin's reply brief, her only response to the State's preservation argument is, "Moreover, Ms. Baldwin contends that her argument is adequately preserved for purposes of appeal since she disputed the propriety of ordering the reimbursement and the district court based its decision on its interpretation of Idaho Code § 19-854(7)." Baldwin cites no authority supporting why the district court's statutory reference constitutes an adverse ruling. Baldwin similarly fails to explain why the district court's reference to I.C. § 19-854(6) and (7) for assessing whether an indigent person may still be responsible for reimbursing costs incurred under I.C. § 18-211 is an adverse ruling on her claim that the psychological evaluation is not a "legal service." A party waives an issue on appeal if either argument or authority is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

But even if Baldwin attempted to argue there was an adverse ruling, there was not. In its first memorandum decision, the district court looked to I.C. § 18-211(1) which states, "The costs of examination shall be paid by the defendant if he is financially able. The determination of ability to pay shall be made in accordance with chapter 8, title 19, Idaho Code." The district court noted

5

the statute contemplated reimbursement "regardless of incarcerated status." The district court then looked to I.C. § 19-854, which sets forth the factors for a court to evaluate a defendant's indigency. The district court noted that although Baldwin had been appointed a public defender at the beginning of the criminal case, there was no application or other materials in the court record for the district court to assess Baldwin's indigency. In the absence of that material, the district court held it could not evaluate Baldwin's financial status and ordered Baldwin to reimburse the county for the cost of the evaluation.

In its second memorandum decision denying Baldwin's motion for relief, the district court reiterated the same analysis. The district court explained that pursuant to I.C. § 19-854(6) and (7), even when a defendant is found to be indigent, the defendant "may still be required to reimburse at least a portion of the costs of the attorney services upon conviction." In assessing Baldwin's indigency and whether her current indigency exempted her from ever reimbursing the county, the district court reasoned that just because Baldwin was found to be indigent and was currently unable to pay the reimbursement, that did not mean Baldwin was "automatically and forever entitled to complete relief" from reimbursing the county for the cost of the evaluation.

Absent from either Baldwin's arguments or the district court's analyses, is an argument or ruling on whether the evaluation was a "legal service" within the meaning of I.C. § 19-854(7). Just because the district court cited I.C. § 19-854 in support of its indigency analysis does not preserve for appeal any and all potential arguments that may fall under that code section.

The district court did not issue an adverse ruling that the I.C. § 18-211 psychological examination is not a legal service as contemplated by I.C. § 19-854(7). Because Baldwin neither raised the issue in the district court nor received an adverse ruling on the issue, Baldwin's argument is not preserved for appeal, and we decline to address it.

B.      **Foreseeability of Reimbursement**

For the first time on appeal, Baldwin argues I.C. § 19-858 is the proper mechanism by which the State can recover certain costs. However, Baldwin concedes she did not raise this issue in the district court. Like the above issue, unless Baldwin received an adverse ruling on this argument, it is unpreserved. And again, there was no adverse ruling on whether the State was required to cite to or invoke I.C. § 19-858 in order to obtain the reimbursement Baldwin agreed she would pay. As such, we decline to address this argument as part of Baldwin's foreseeability argument.

6

Baldwin next argues the district court was required to assess her future ability to reimburse the county. The district court did not explicitly address Baldwin's foreseeability to pay the reimbursement because Baldwin's argument focused only on her current inability to make the payment. Regardless, Baldwin's claim still fails.

Baldwin argues that because she had been found indigent for purposes of the appointment of counsel and was still indigent at the time of the motion hearings, she was not required to reimburse the county for the cost of the evaluation. In support of her argument, Baldwin provided the district court with an application for a public defender. The application claimed Baldwin did not have any assets, debts, or expenses. At the time the application was completed, Baldwin was receiving public assistance for healthcare and groceries. Baldwin also disclosed she earned $5,000 in net income per month when she last worked in January 2021.

Baldwin cites to *State v. Garcia*, 166 Idaho 661, 462 P.3d 1125 (2020) as support for her argument that the district court was required to inquire about Baldwin's future ability to pay and the absence of that inquiry results in an abuse of discretion. In *Garcia*, the defendant was ordered to pay $162,285.27 in restitution pursuant to I.C. § 19-5304(7) following his conviction for second degree murder, aggravated battery, and possession of a controlled substance. *Garcia*, 166 Idaho at 669, 462 P.3d at 1133. Garcia appealed, arguing he had no ability to pay the restitution, and the district court abused its discretion by "fail[ing] to adequately consider his inability to pay restitution." *Id*. at 681, 462 P.3d at 1145.

On appeal, the Idaho Supreme Court held that although I.C. § 19-5304(7) contained language that indicated a defendant's immediate inability to pay restitution was not, in and of itself, a reason not to order restitution, the district court failed to address any of the statutory factors that related to an award of restitution, including Garcia's future ability to pay, as required by I.C. § 19-5304(7). *Garcia*, 166 Idaho at 682-83, 462 P.3d at 1146-47.

The factors set forth in I.C. § 19-5304(7) require a district court to consider, among other things, "the financial resources, needs and earning ability of the defendant." In contrast, I.C. §§ 18-211 and 19-854 contain no such language. And as the *Garcia* Court explained, "nothing in our decision today should suggest that a district court is required to divine a defendant's future financial capabilities." *Garcia*, 166 Idaho at 683, 462 P.3d at 1147. Instead, pursuant to I.C. §§ 18-211 and 19-854, the trial courts have discretion to decide whether to award costs and in what amount the award should be.

But even if the district court should have considered Baldwin's future ability to reimburse the county, Baldwin failed to provide any information upon which the district court could make that assessment. First, Baldwin agreed to reimburse the county for the cost of the psychological evaluation at the time it was requested. Second, the district court made clear in its first memorandum decision ordering the reimbursement that Baldwin provided no evidence regarding her financial status and in the absence of that information, the district court could not assess her ability to reimburse the county. Despite that, the only evidence Baldwin provided with her motion for relief from the reimbursement order was the indigency application, which does not support a claim that Baldwin did not have the future ability to reimburse the county for the evaluation. The application indicated Baldwin had no debts and earned $5,000 per month when she was working. No evidence was provided that Baldwin could not be similarly employed in the future. Consequently, Baldwin provided no evidence that she could not, at some future point, reimburse the county for the cost of the evaluation. As a result, the district court did not abuse its discretion when it ordered Baldwin to reimburse Bonneville County $600 for the psychological evaluation.

## IV.

## CONCLUSION

Baldwin's statutory interpretation argument is not preserved for appeal because she neither presented her argument to the district court nor received an adverse ruling on it. The district court was not required to address Baldwin's future ability to pay, but even if it was, Baldwin provided no evidence that she did not have the future ability to reimburse the county $600 for the evaluation; to the contrary, the information provided indicated Baldwin was previously employed and earned $5,000 per month. The district court did not abuse its discretion when it denied Baldwin's motion for relief from order for reimbursement of court expended funds. Therefore, the district court's memorandum decision ordering Baldwin to reimburse Bonneville County $600 for the psychological evaluation and report prepared pursuant to I.C. § 18-211 is affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, CONCUR.