# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46887/46928

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

TABATHA RANA FRAKES,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 21, 2020

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for conspiracy to traffic in methamphetamine and trafficking in methamphetamine, <u>affirmed</u>.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Tabatha Rana Frakes appeals from the judgment of conviction for conspiracy to traffic in methamphetamine and trafficking in methamphetamine. Frakes argues that: (1) the mandatory minimum sentence for trafficking and conspiring to traffic in methamphetamine is unconstitutional as applied to her; (2) the theory upon which the State charged Frakes unconstitutionally subjected her to double jeopardy; and (3) there was insufficient evidence to support her conviction for trafficking in methamphetamine. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Frakes was charged with possession of paraphernalia, Idaho Code § 37-2734A; trafficking in more than 400 grams of methamphetamine, I.C. § 37-2732B(a)(4)(C); and

1

conspiracy to traffic in methamphetamine, I.C. § 37-2732B(b).  The charges arose after Boise Police Officer Green initiated a traffic stop on a vehicle when he learned that the vehicle was likely transporting a large amount of methamphetamine from Nevada to Idaho.  Frakes was driving the vehicle and she was accompanied by two passengers (later identified as Doug Lopez and Athena Lopez).  The officer ordered the occupants out of the vehicle and an assisting officer initiated a drug dog sweep.  The canine alerted on the vehicle and Officer Green conducted a search.  Upon searching the vehicle, Officer Green discovered a glass pipe containing methamphetamine between the two front seats, a black purse with a pipe and plastic baggies both containing methamphetamine on the front passenger floorboard, and a duffel bag containing a large saran wrapped bundle and smaller baggies of methamphetamine located behind the front seats.  The total package weight of the methamphetamine located in the vehicle was 954 grams.

Ultimately, the State charged Frakes with the above-listed crimes.  The State also charged the Lopezes with trafficking in more than 400 grams of methamphetamine.  This charge carries a mandatory minimum sentence of ten years determinate.  The district court consolidated all three of the defendants' cases.  Frakes pled not guilty and her case was set for trial.  Prior to Frakes' trial, the State entered into a plea agreement with the Lopezes whereby the Lopezes agreed to plead guilty to a reduced charge of trafficking in 200 to 400 grams of methamphetamine.  The reduced charge carries a mandatory minimum sentence of five years determinate.  Frakes' case proceeded to trial.

At trial, the Lopezes testified on behalf of the State and explained that they regularly went on road trips to California to obtain methamphetamine, would solicit friends to help drive, and would sell the methamphetamine in Idaho.  The Lopezes testified that they asked Frakes, who was their roommate and friend, to help with the drive on two occasions.  On the trip underlying Frakes' charges, the Lopezes testified that they paid Frakes 300 to 400 dollars to assist in obtaining the methamphetamine by helping to drive to California and back.  In addition, they testified that Frakes was aware of the purpose of the trip, Frakes knew that the large quantity of methamphetamine was located in the vehicle, and the three consumed some of the methamphetamine for personal use during the trip.  Ultimately, the jury found Frakes guilty on all three counts.  The district court imposed mandatory minimum sentences of ten years determinate for the trafficking and conspiracy to traffic charges, to be served concurrently, and

gave Frakes credit for time served on the possession of paraphernalia charge. Frakes timely appeals.

## II.

## ANALYSIS

### A.    Constitutional Claims

First, Frakes argues that the mandatory minimum sentencing requirement for trafficking and conspiracy to traffic in more than 400 grams of methamphetamine, as applied to Frakes, violates the Constitution's separation of powers and Frakes' constitutional right to due process, to equal protection, to remain silent, and to trial. Frakes argues that the mandatory minimum sentencing requirement for trafficking and conspiring to traffic in more than 400 grams of methamphetamine violates her constitutional rights in a variety of ways. Specifically, Frakes argues that I.C. § 37-2732B, as applied to Frakes, "unconstitutionally infringes on the judiciary's inherent authority to sentence under Article V, § 13 of the Idaho Constitution." Additionally, Frakes argues that the prosecutor failed to exercise appropriate discretion and violated her rights to Due Process and Equal Protection by charging her, and not the Lopezes, with trafficking a higher quantity of methamphetamine solely because Frakes chose to exercise her constitutional rights to remain silent and to a jury trial. Frakes also contends that the State subjected her to double jeopardy by charging her with trafficking and conspiracy to traffic on the theory that Frakes agreed to drive and actually drove the Lopezes.[1]

In response to Frakes' arguments, the State contends that Frakes did not raise these claims before the trial court, does not claim that the errors are fundamental, and thus, has waived her claims on appeal. Additionally, the State contends that, even if Frakes did argue that her claims amounted to fundamental error, Frakes' arguments would fail to meet the prongs articulated in the fundamental error standard. We agree with the State.

---

[1]    Frakes further argues that the State charged her with conspiracy to traffic late in the case and as a result of her choice not to plead guilty. However, the prosecutor indicated at the sentencing hearing that the State added the conspiracy charge after Frakes was interviewed and alleged that she only went on one trip with the Lopezes and her purpose was to find her father in California. Later, the prosecutor conducted further interviews and learned that Frakes was also on a second trip to California and was present at the storage units where the Lopezes met their supplier and exchanged money. Because the State learned of her further involvement in the drug enterprise, which was contrary to Frakes' story, the State added a conspiracy charge.

3

First, Frakes did not preserve her constitutional challenges for appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (concluding that generally, issues not raised below may not be considered for the first time on appeal).[2] Second, Frakes does not present a fundamental error argument on appeal. This Court will not analyze whether an appellant's argument meets the fundamental error standard sua sponte.[3] *See Hogg v. Wolske*, 142 Idaho 549, 557, 130 P.3d 1087, 1095 (2006) (citing Idaho Appellate Rule 35) ("In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief."). Consequently, Frakes has waived any claims of fundamental error and Frakes' constitutional claims fail.

## B.     Sufficient Evidence

Frakes argues that her judgment of conviction for trafficking in methamphetamine should be vacated because the State did not present sufficient evidence to support the jury verdict.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential

---

[2]     Although Frakes does not directly address the preservation question, it appears that Frakes relies on the following statement from defense counsel, which was made at sentencing, to preserve her constitutional claims:

> Now, your Honor tells my client frequently, over and over again, that they won't get penalized for going to trial, but in this case [Frakes] is being penalized for exercising her constitutional rights. In this case, because of the mandatory minimum, [Frakes] is going to go to prison for at least ten years.

Frakes never filed a motion to dismiss and this generalized statement, during a sentencing argument, is not sufficient to preserve all of the specific constitutional claims that Frakes now makes on appeal. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (concluding "both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal").

[3]     The reason that this Court will not take up fundamental error sua sponte when it is not argued by the parties should be obvious. However, it is most obvious in regard to prong two which requires that the appellant make a showing that "the alleged error" "plainly exists." *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). This requirement necessitates a showing by the appellant that existing authorities have "unequivocally resolved the issue in the appellant's favor" and requires proof in the record that trial counsel's decision not to object was not strategic or tactical. *State v. Hadden*, 152 Idaho 371, 375, 271 P.3d 1227, 1231 (Ct. App. 2012); *See State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). An appellant that fails to argue fundamental error does not direct the court to controlling authority or evidence in the record to support prong two. Therefore, the claim inevitably fails.

elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Idaho Code § 37-2732B(a)(4) sets forth trafficking in methamphetamine as follows:

> Any person who knowingly delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or amphetamine or of any mixture or substance containing a detectable amount of methamphetamine or amphetamine is guilty of a felony, which felony shall be known as "trafficking in methamphetamine or amphetamine."

On appeal, Frakes attacks the State's evidence supporting the element of constructive possession. Frakes explains that in order to prove constructive possession, the State was required to show that Frakes had the power and intent to control the large quantity of methamphetamine. Frakes argues that the evidence was insufficient to prove that Frakes had the power and intent to control the large quantity of methamphetamine located in the duffel bag. Frakes claims that the evidence shows that Frakes merely "knew Doug [Lopez] had a large quantity" of methamphetamine in the duffel bag and that Frakes had the power and intent to control smaller quantities of methamphetamine located elsewhere in the vehicle for her personal use. Frakes argues that this evidence is "legally insufficient to establish that [Frakes] knowingly possessed the bulk methamphetamine stashed in Doug's duffel bag." In response, the State argues that sufficient evidence supported Frakes' conviction for trafficking. The State contends that Frakes' argument only challenges her possession of the methamphetamine but the State charged Frakes with trafficking in methamphetamine by both possessing it and/or bringing it into the state of Idaho. The State argues sufficient evidence supports the State's allegation that Frakes knowingly brought the bulk methamphetamine into Idaho and Frakes concedes as much on appeal. We agree with the State.

We conclude that sufficient evidence supports Frakes' conviction for trafficking in methamphetamine. As set forth above, trafficking can be committed in a variety of ways. In this

5

case, the State alleged that Frakes trafficked in methamphetamine by "bring[ing] to this state and/or knowingly possess[ing] four hundred (400) grams or more of Methamphetamine." On appeal, Frakes does not challenge the sufficiency of the evidence to support the State's allegation that she committed trafficking by knowingly bringing methamphetamine into Idaho. Rather, Frakes argues that the State failed to present sufficient evidence of constructive possession. However, the jury could have convicted Frakes of trafficking in methamphetamine because she knowingly brought methamphetamine into Idaho. In fact, Frakes concedes on appeal that she knew Doug Lopez possessed a large quantity of methamphetamine in the duffel bag; Doug's duffel bag was located in the vehicle; other methamphetamine was located in the vehicle; and that she knowingly drove the methamphetamine into Idaho. Thus, Frakes' concessions on appeal are enough to establish that she trafficked in methamphetamine as charged by the State.

Additionally and regardless of Frakes' concessions, there was ample evidence to support the jury verdict on the theory that Frakes knowingly brought 400 grams or more of methamphetamine into the state of Idaho. For example, as discussed above, the Lopezes testified that Frakes was aware that the purpose of the trip was to acquire methamphetamine from California and transport it back to Idaho. The testimony also showed that Frakes was arrested in Idaho driving a van filled with methamphetamine which was purchased in California. Consequently, Frakes' claim that insufficient evidence supports her conviction for trafficking in methamphetamine is without merit.

### III.
### CONCLUSION

Frakes did not preserve her constitutional claims for appeal and has waived any claim of fundamental error by failing to assert such an argument in her appellate briefing. Additionally, sufficient evidence supports the jury's verdict that Frakes is guilty of trafficking in methamphetamine. Accordingly, Frakes' judgment of conviction for conspiracy to traffic in methamphetamine and trafficking in methamphetamine is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.