# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48516

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: January 19, 2022 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| BRIAN CHRISTOPHER ALKER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, District Judge.

Judgment of conviction for sexual abuse of a child under the age of sixteen years, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant. Emily M. Joyce argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRAILSFORD, Judge

Brian Christopher Alker appeals from his judgment of conviction for sexual abuse of a child under the age of sixteen years in violation of Idaho Code § 18-1506. Alker contends the district court erred in denying his motion to suppress incriminating statements made during a custodial interrogation and argues he invoked his right to counsel before making those statements. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a report of sexual abuse of a minor, law enforcement arrested Alker. While Alker was in custody, a detective read Alker his *Miranda*[1] rights, and Alker acknowledged and

_____

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

signed a written waiver of those rights. Thereafter, the detective questioned Alker for approximately fifty minutes and audio recorded the interrogation. Approximately twenty minutes into the interrogation, Alker made a statement about having a lawyer. The detective continued his questioning, and Alker eventually made incriminating statements. The State charged Alker with three counts of lewd conduct with a child under the age of sixteen, I.C. § 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506.

Alker moved to suppress the incriminating statements he made during the interrogation. In support, he asserted that in response to the detective's statement that "'I didn't do it' [is] not a defense or an excuse," Alker stated, "I'm not saying it's a defense. I just why I want to have a f---ing lawyer for." Based on this latter statement, he argued his use of the word "want" unambiguously communicated his desire for a lawyer.

At the hearing on the suppression motion, the only evidence presented was the audio recording of the interrogation. The State argued that, contrary to Alker's claim, he actually stated during the interrogation, "I'm going to have a lawyer," instead of "I want to have" a lawyer and that, regardless, the statement was not an unequivocal invocation of Alker's right to counsel.

The district court denied Alker's motion. Before ruling, the court explained it listened to the audio recording "a number of times" on various different devices, including "the player provided . . . by the Idaho Supreme Court," "a laptop that's used for jury trials," and "a much higher quality player" at home using "very good earphones." Based on this review, the district court ruled:

> [T]he exchange occurs in question where [the detective] makes the statement that "'I didn't do it,' that's not a defense or an excuse." And then, from the Court's perspective, what is said in reply by [Alker] is that "I'm not saying it's a defense. That's what I'm going to have a F'ing lawyer for because this didn't happen."
> And so from the Court's perspective, this statement by [Alker] is not a reference or an expression of a desire for a lawyer to be present or to speak with a lawyer. It's in response to, at this time, [the detective's] repeated use of the word "defense" as in a court proceeding, and [Alker's] response is along the lines of "That's what I would have a lawyer for," meaning at trial in the future. It is, at best, not a clear expression of the invocation of the right to counsel or the presence of an attorney such that a reasonable law enforcement officer would take it as such.

After stating this ruling, the district court then explained its understanding of the remainder of the interrogation and stated the entirety of the interrogation supports the court's

2

conclusion that Alker did not clearly invoke his right to counsel. Specifically, the court stated that "the totality of this interview substantiates [the court's] conclusion" and that "nothing in the course of this interview . . . suggests or corroborates or supports the notion that would indicate a wish or desire by [Alker] to invoke his right to counsel or silence."

After the district court denied Alker's suppression motion, he entered an *Alford*[2] plea to one count of sexual abuse of a child under the age of sixteen and reserved his right to appeal the court's denial of the motion. Alker timely appeals.

## II.

## ANALYSIS

### A.    Standard of Review

Ordinarily, the standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Under certain limited circumstances, however, this Court may freely review and weigh the evidence in the same manner as the trial court. *State v. Andersen*, 164 Idaho 309, 312, 429 P.3d 850, 853 (2018). Where the parties did not present any witnesses and this Court has the exact same evidence before it as the trial court considered, this Court need not extend the usual deference to the trial court's evaluation of the evidence. *Id.*

In this case, the only evidence before the district court was an audio recording of the detective's interrogation of Alker, during which Alker made the statement at issue about having a lawyer. This exact same evidence is the only evidence before this Court on appeal. For this reason, Alker asserts this Court may freely review the evidence. The State agrees that the exact same evidence is before this Court. It argues, however, that "this Court should extend deference to the district court's factual findings unless it can employ the same or similar level of scrutiny to

---

2       *See North Carolina v. Alford*, 400 U.S. 25 (1970).

3

the recording." Regardless of whether this Court defers to the district court's factual findings or whether it relies on its own review of the audio recording, the result remains the same because we affirm the district court's ruling.

**B.     Issue Preservation**

At issue is the content of Alker's statement during the interrogation about having a lawyer, namely whether Alker stated he wanted a lawyer or whether he stated he was going to have a lawyer. As a preliminary matter, we address the State's preservation argument. As the State notes, Alker has modified his argument on appeal by asserting that the content of his statement about having a lawyer is now different than he asserted before the district court. Before the district court, Alker claimed he stated, "I just why I want to have a f---ing lawyer for." On appeal, however, Alker now claims he stated, "That's what I *want* to have a [f---ing] lawyer for." The State contends that "Alker is presenting a new factual claim for the first time on appeal" and that "his argument is not preserved and should not be considered."

In support, the State cites *State v. Oxford*, 167 Idaho 515, 473 P.3d 784 (2020). *Oxford*, however, does not support the State's position. In that case, Oxford asserted the district court violated her constitutional rights by denying her the public funds necessary to retain an expert witness. *Id.* at 520, 473 P.3d at 789. The State argued Oxford did not preserve this issue for appeal because "she never cited any constitutional authority in her request for funding before the district court." *Id.* The Idaho Supreme Court noted the well-established rules that the Court will not consider issues raised for the first time on appeal and will hold the parties to the theory on which they presented the case to the trial court. *Id.* The Court, however, concluded Oxford's appellate issues did not violate these preservation rules because her assertion of a constitutional right was "implicit in [her] underlying motion for funding." *Id.* at 521, 473 P.3d at 790. It reasoned that "unless Oxford, who was represented by a public defender, had a constitutional right to obtain public funding for [an expert] witness due to [Oxford's] indigency, there would have been no reason for the defense to request [public funding]." *Id.* Accordingly, the Court addressed the merits of Oxford's appeal. *Id.*

*Oxford* is inapposite in this case, in which Alker expressly asserted his constitutional right to counsel before the district court, including citing supporting authority. Although Alker has altered on appeal the wording of the statement he claims he made to invoke his right to counsel, the critical content of that statement--namely that Alker *wanted* a lawyer--remains the

4

same. The parties asked the district court to resolve whether Alker stated "I want to have" a lawyer versus "I am going to have" a lawyer. As the State acknowledges, this factual issue remains determinative of this appeal--despite Alker's alteration of a portion of his statement. Accordingly, we conclude Alker has not changed his position in a manner that would preclude our review, and thus he has preserved this issue for appeal. *Compare State v. Gonzalez*, 165 Idaho 95, 98, 439 P.3d 1267, 1270 (2019) (ruling defendant failed to preserve issue by abandoning prior position on appeal).

## C. Invocation of Right to Counsel

Alker contends the district court erred by finding he did not clearly invoke his right to counsel. Alker argues the record does not support the court's factual finding that he stated, "I am going to have" a lawyer, and that a reasonable officer would have understood Alker's statement, which he contends was "I want to have" a lawyer, as "a present request" for a lawyer.

During a custodial interrogation, a suspect has the right to have counsel present and to consult with counsel, and law enforcement must inform the suspect of this right. *Davis v. United States*, 512 U.S. 452, 457 (1994) (citing *Miranda v. Arizona*, 384 U.S. 436, 469-73 (1966)). "If the suspect effectively waives his right to counsel after receiving the *Miranda* warnings, law enforcement officers are free to question him." *Davis*, 512 U.S. at 458. A suspect, however, can invoke this right to counsel at any time during the custodial interrogation, even after a previous waiver. *Id.* Once a suspect invokes his right to counsel, an officer generally cannot question the suspect until counsel is present. *Id.*

Determining whether a suspect invoked his right to counsel is an objective inquiry. *Id.* at 459. An invocation of counsel must be unequivocal and unambiguous. *Id.* A suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* In contrast, "if a reference is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," an officer may continue questioning the suspect. *Davis*, 512 U.S. at 459; *see State v. Davis*, 162 Idaho 874, 876, 406 P.3d 886, 888 (Ct. App. 2017) (ruling "I think I need to talk to a lawyer before I say anything else" is equivocal); *State v. Perez*, 145 Idaho 383, 386-87, 179 P.3d 346, 349-50 (Ct. App. 2008) (ruling defendant's statement that "Yeah, I think I need advice,

man" "would not necessarily be understood by a reasonable police officer as a present request for an attorney" and noting examples of other similarly equivocal statements).

In this case, Alker's statement during the interrogation about having a lawyer was not a clear, unequivocal invocation of his right to counsel. A careful review of the audio recording of the interrogation shows Alker stated he was going to have a lawyer, not that he wanted a lawyer. Specifically, the following exchange occurred between the detective and Alker:

Detective:    Well--oth--other than 'I didn't do it.'  Okay that's--I'm telling ya that's not a defense or an excuse.
Alker:        I'm not saying it's a defense. That's what I'm gonna have a f---ing lawyer for. Because this did not happen.

Similar to other statements found by courts to be equivocal, Alker's statement that "I'm gonna have" a lawyer did not clearly invoke Alker's right to counsel such that a reasonable officer would have understood Alker was requesting a lawyer's presence at that time. *See, e.g.*, *Davis*, 512 U.S. at 462 (ruling "Maybe I should talk to a lawyer" was not request for counsel); *Davis*, 162 Idaho at 877, 406 P.3d at 889 (ruling "I think I need to talk to a lawyer before I say anything else" is equivocal). Alker's statement, which he made in the context of his response to the detective's comment that "I didn't do it," is not a defense, indicates Alker was conveying that he did not intend to assert a denial as a defense to any potential criminal charge but, rather, that Alker intended to retain a lawyer to assist in his defense.

Alker does not assert on appeal an alternative argument that, even if he stated "I am gonna have" a lawyer, that statement was a clear, unequivocal invocation of his right to counsel. Rather, Alker's only argument on appeal is that the statement "I want to have" a lawyer unequivocally invoked his right to counsel. In support of this argument, Alker relies on *State v. Person*, 140 Idaho 934, 104 P.3d 976 (Ct. App. 2004).

In that case, Person was convicted of second degree murder and appealed the denial of his motion to suppress incriminating statements, arguing he invoked his right to counsel during a videotaped, custodial interrogation. *Id.* at 935, 938, 104 P.3d at 977, 980. Approximately four minutes into the interrogation, Person stated, "[T]his is where I'm gonna have to have my lawyer present"; the officers terminated the interrogation; but a short time later, an officer returned to read the arrest warrant to Person. *Id.* at 939, 104 P.3d at 981. This Court ruled that the officer's reading of the arrest warrant did not violate Person's right to counsel because the reading "was not objectively likely to elicit an incriminating response." *Id.* at 941, 104 P.3d at 983.

6

After this initial assertion of Person's right to counsel and the officer's resumption of the interrogation, however, Person again asserted his right to counsel:

> Person: Kinda, you guys . . . this is where I want my lawyer.
> Detective: Okay.
> Person: Okay, this is where I would want my attorney involved.
> . . . .
> Detective: . . . you told us you want to talk to your attorney?
> Person: I do.
> Detective: No, this is a decision you have to make.
> Person: Yeah.
> Detective: You have to make this decision, and you absolutely want, you
> want to talk to your attorney?

*Id.* at 941, 104 P.3d at 983. After this exchange, Person made incriminating statements. *Id.* Regarding this exchange, this Court concluded that the detectives "did not scrupulously honor Person's later invocation of his right to counsel." *Id.* at 942, 104 P.3d at 984. In support, the Court noted that the detectives pretended some clarification or further decision from Person was necessary to invoke his right clearly and unequivocally; they hesitated until Person began speaking again after asserting his right; and one of the detectives made a "'shushing' motion" signaling the other not to interrupt Person, who began speaking after asserting his right. *Id.* at 941, 104 P.3d at 983. Accordingly, this Court reversed the district court's denial of Person's suppression motion. *Id.* at 942, 104 P.3d at 984.

Contrary to Alker's assertion, the statement at issue in this appeal is not "more similar to the statements" in *Person*, which were adequate to invoke Person's right to counsel. Alker is correct that this Court "did not interpret [Person's] statement [that] 'this is where I would want my attorney involved' to indicate a future desire for an attorney, but rather a present request, regardless of the fact that it was future tense." Alker's reliance on this fact, however, ignores Person's other unequivocal statements invoking his right to counsel which were not future tense statements, including Person's statement that "this is where I want my lawyer" and his affirmative response of "I do" to the detective's inquiry "[do] you want to talk to your attorney?" For this reason, *Person* is distinguishable from this case. Unlike *Person*, Alker's single statement about having a lawyer was ambiguous.

Finally, we disagree with Alker that the district court improperly found his statement about having a lawyer to be equivocal by considering Alker's "post-request statements." The United States Supreme Court has ruled that a court may not use an accused's post-request

responses to further interrogation after an alleged invocation of the right to counsel to cast retrospective doubt on the clarity of the accused's initial request for counsel. *Smith v. Illinois*, 469 U.S. 91, 100 (1984). The district court in this case, however, did not base its ruling on any so-called "post-request" responses. Although the court did state "the totality of [the] interview substantiates [the court's] conclusion" that Alker's statement about having a lawyer was equivocal, the court had already definitively found Alker's statement was equivocal based on that statement alone before noting the remainder of the interrogation supported the court's conclusion. For this reason, the court did not improperly consider "post-request" statements for purposes of concluding Alker's statement that "I am gonna have" a lawyer was an equivocal invocation of Alker's right to counsel.

### III.
### CONCLUSION

The district court did not err by denying Alker's suppression motion. Accordingly, we affirm Alker's judgment of conviction.

Judge GRATTON and Judge Pro Tem HORTON **CONCUR**.