**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48334**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 16, 2022** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANDREW JESSE OWENS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for lewd conduct with a child under sixteen, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Andrew Jesse Owens appeals from his judgment of conviction and sentence for lewd conduct with a child under sixteen. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Shortly after Owens' relationship with his girlfriend ended, the girlfriend's three minor children made statements to the girlfriend indicating that Owens had sexually abused them. After the girlfriend reported the abuse to authorities, law enforcement advised the girlfriend not to discuss the alleged sexual abuse with the children further. About nine days after the initial

1

disclosure of the abuse, the girlfriend's two daughters participated in a forensic interview. During the interview, the daughters reiterated their prior disclosures of abuse by Owens.

The State charged Owens with two counts of lewd conduct with a minor under sixteen. I.C. § 18-1508. After an initial trial in which the jury was unable to reach a verdict on either count, Owens waived his right to a jury trial. During the ensuing bench trial, the State sought to admit the daughters' forensic interviews into evidence, arguing that they were prior consistent statements under I.R.E. 801(d)(1)(B)(i). Owens "renewed [his] prior objection" from the jury trial that the information the daughters provided in the interviews was not sufficiently similar to their subsequent disclosures and testimony to constitute prior consistent statements. The district court admitted the interviews over Owens' objection. Ultimately, the district court found Owens guilty of only the lewd conduct charge involving the older daughter and sentenced him to a unified term of eight years, with a minimum period of confinement of three years. Owens appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). Appellate review of a sentence is also based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Owens argues that the district court erred by admitting the older daughter's forensic interview under I.R.E. 801(d)(1)(B)(i) because she was subject to "improper influence" from her

2

mother prior to the interview.[1]  Owens also contends that his sentence is excessive.  The State responds that Owens failed to preserve the alleged evidentiary error for appeal and that, even if preserved, Owens failed to show error in the admission of the interview, invited the error, and that the alleged error is otherwise harmless.  The State further contends that the district court properly exercised its sentencing discretion.  We hold that Owens' claim of evidentiary error is not preserved and that he has failed to establish the district court abused its sentencing discretion.

## A.    Forensic Interview

Before reaching the merits of Owens' challenge to the admission of the forensic interview, we must first address the State's argument that the issue is unpreserved for appeal.  Appellate court review is limited to the evidence, theories, and arguments that were presented below.  *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).  To preserve an issue for appellate review, a party must raise both the issue and the party's position on the issue before the trial court.  *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019).  Additionally, evidentiary objections must clearly state the specific ground for the objection, unless the basis for the objection is apparent from context.  *State v. Hall*, 163 Idaho 744, 772, 419 P.3d 1042, 1070 (2018).  Objections to the admissibility of evidence on one basis do not preserve separate and different bases for exclusion.  *Id.*  Thus, a party can fail to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making a different objection than the one raised on appeal.  *See United States v. Iglesias*, 535 F.3d 150, 158 (3d Cir. 2008) (holding objection that "the best evidence available is on the witness stand" did not preserve a hearsay objection to introduction of the witness's prior statement).

After both daughters had testified during Owens' bench trial, the State sought to admit the older daughter's forensic interview into evidence.  The State argued that the older daughter's statements in the interview were admissible under I.R.E. 801(d)(1)(B)(i) as prior consistent statements to rebut Owens' "express charge" or defense theory that the daughter's allegations of

---

[1]    As indicated above, the district court admitted the forensic interviews of both daughters into evidence during Owens' bench trial.  On appeal, Owens does not challenge the admission of the younger daughter's forensic interview because he was acquitted of the charge involving the younger daughter.

sexual abuse were a recent fabrication or arose from "improper influence or motive."[2]  Owens initially responded that he "would only be renewing [his] prior objection" to the interview that he lodged during the jury trial.  During the jury trial, Owens opposed the State's argument that the interview was a prior consistent statement under I.R.E. 801(d)(1)(B)(i) on the grounds that the statements were not consistent:

> I don't know that [the interview] is a prior consistent statement in the fact that the testimony presented today doesn't appear to even be completely the same as the testimony or information provided to [the forensic interviewer].
> But whether--recognizing my objection previously was due to the fact that [the interview] was intended to be used in lieu of testimony.[3]  That was the basis for keeping it out.  So now that [the daughter] has testified, I guess I have to leave that matter to the Court's discretion.

After a brief recess during the bench trial, the district court heard additional argument regarding the admissibility of the interview as a prior consistent statement under I.R.E. 801(d)(1)(B)(i). Owens reiterated his argument from the jury trial, asserting that the interview would not "necessarily . . . come in under those grounds" as there was "little, if any, consistency between" the daughter's statements during the interview and her subsequent disclosures and testimony.  The district court ultimately admitted the interview as a prior consistent statement under I.R.E. 801(d)(1)(B)(i) over Owens' objection.

Owens acknowledges that he initially objected to the admission of the forensic interview to the extent it would be presented "in lieu" of the daughter's direct, in-person testimony. However, Owens contends that his objection "evolved to address the State's new theory--that the forensic interview was admissible as a prior consistent statement."  According to Owens, his argument that the interview was not admissible "under those grounds" due to the lack of complete

---

[2]  A declarant's prior out-of-court statements are not hearsay if they are consistent with the declarant's testimony and offered to rebut an express or implied charge that the testimony is a recent fabrication or the result of improper influence or motive.  I.R.E. 801(d)(1)(B)(i); *State v. Joy*, 155 Idaho 1, 13, 304 P.3d 276, 288 (2013).  Such out-of-court statements are not hearsay, however, only if the statements arose prior to the time when the declarant had a motive to lie. *See Joy*, 155 Idaho at 14, 304 P.3d at 289.

[3]  Pursuant to a pretrial motion in limine by Owens, the district court ruled that the daughters' forensic interviews were inadmissible because the children were available and that Owens had a right to cross-examine them.  The propriety of this decision is not at issue in this appeal.

4

consistency between the daughter's statements during the forensic interview and her later statements and testimony implicitly asserted "that the statements were not made prior to the time that [the daughter] would have a motive to lie." Additionally, Owens interprets the district court's decision to admit the forensic interview as including an implicit conclusion that "any improper influence had not occurred" before the interview. Consequently, Owens contends that his objection preserved the issue of whether it was error to admit the forensic interview because it occurred after the daughter had a motive to fabricate or after her exposure to improper influence. We disagree.

The record shows that Owens did not specifically object to the temporal aspect of the forensic interview. That is, Owens did not argue before the district court that the daughter's statements during the forensic interview did not fall under I.R.E. 801(d)(1)(B)(i) because they were made after she had a motive to fabricate or after her exposure to some improper influence. Rather, Owens focused his argument on whether the daughter's statements during the forensic interview were sufficiently consistent with her later statements and testimony as to fall under I.R.E. 801(d)(1)(B)(i). To preserve the temporality issue Owens presents on appeal, he should have made a specific temporality objection that would have brought to the district court's attention precisely why and when the daughter had a motive to fabricate or when she was exposed to improper influence prior to the forensic interview. To preserve an evidentiary issue for appellate review, the objecting party must articulate it with sufficient clarity to alert the trial court to the nature of the claimed defect. *See* I.R.E. 103; *see also State v. Chacon*, 168 Idaho 524, 534, 484 P.3d 208, 218 (Ct. App. 2021). Although Owens opposed admission of the forensic interview as containing prior consistent statements under I.R.E. 801(d)(1)(B)(i), he expressly challenged only the consistency of the daughter's statements.

Error preservation requirements not only prevent a party from asserting substantive issues or adopting a position on appeal that the trial court did not have the opportunity to address, but also ensure the trial court receives an opportunity to take testimony, receive argument, or otherwise explore the issue raised to avert or correct reversible error. *Gonzalez*, 165 Idaho at 98-99, 439 P.3d at 1270-71; *see also State v. Norton*, 151 Idaho 176, 181, 254 P.3d 77, 82 (Ct. App. 2011). Owens' failure to raise the temporality issue below deprived the district court of the opportunity to fully develop argument on that issue. As previously stated, a party fails to preserve an issue for

5

appeal not only by failing to make a specific objection, but also by making a different objection than the one claimed on appeal. *Iglesias*, 535 F.3d at 158. An objection made on a specific ground asks the trial court to decide only the validity of the objection actually made--not the validity of another objection that could have been, but was not, made. *See Hall*, 163 Idaho at 772, 419 P.3d at 1070. When a trial court correctly overrules a party's specific objection, it has not erred. *Id.* The record shows that Owens did not present the evidentiary argument he presents on appeal, nor would the context surrounding his opposition to the admission of the interview have made the alleged temporality issue clear to the district court. Consequently, the issue of whether the forensic interview occurred after the daughter had a motive to fabricate or after her exposure to improper influence is not preserved for appeal. As such, we will not consider the merits of Owens' evidentiary claim.

B. **Sentence Review**

Owens argues that his unified eight-year sentence, with a minimum period of confinement of three years, is excessive. Specifically, Owens contends that his sentence is excessive because he is a first-time felon and a "much loved member of the community" who "will have significant support upon release." The State responds that the district court properly "considered the sentencing factors" to fashion Owens' sentence and that he has failed to show his sentence is excessive. We hold that Owens has failed to show that the district court abused its sentencing discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

**IV.**

**CONCLUSION**

Owens failed to preserve the issue of whether the district court erred by admitting the older daughter's forensic interview as a prior consistent statement under I.R.E. 801(d)(1)(B)(i) because it occurred after the daughter had a motive to fabricate or after her exposure to improper influence. Additionally, Owens has failed to show that his sentence is excessive. Consequently, Owens' judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for lewd conduct with a child under sixteen are affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.